# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.A., C.A., and M.A.**

**No. 24-710** (Braxton County CC-04-2023-JA-55, CC-04-2023-JA-56, and CC-04-2023-JA-57)

## MEMORANDUM DECISION

Petitioner Mother H.A.[1] appeals the Circuit Court of Braxton County's October 30, 2024, order terminating her custodial rights to E.A., C.A., and M.A., arguing that the circuit court erred in denying her a post-adjudicatory improvement period and terminating her custodial rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2023, the DHS filed an abuse and neglect petition alleging that the father sexually abused E.A., the parents committed domestic violence in the children's presence, and the home was unfit. The DHS then filed an amended petition alleging that the father tested positive for alcohol and that both parents were addicted to controlled substances and/or alcohol. Subsequently, the DHS filed a second amended petition alleging that the petitioner failed to protect the children from physical and sexual abuse.

At the preliminary hearing, the petitioner was ordered to participate in services, including parenting and adult life skills classes and drug screens. At the adjudicatory hearing in February of 2024, the petitioner made admissions that she failed to provide the children with suitable housing and abused substances. At her second adjudicatory hearing in August of 2024, the petitioner also made admissions that she failed to protect the children from physical and sexual abuse. As such, the court adjudicated the petitioner of abusing and neglecting the children. The petitioner then filed

---

[1] The petitioner appears by counsel Timothy V. Gentilozzi. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Mackenzie A. Holdren appears as the guardian ad litem for E.A., while counsel Julia R. Callaghan appears as the guardian ad litem for C.A. and M.A.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, we note that the circuit court terminated the petitioner's custodial rights to all three of her children. However, on appeal the petitioner clearly indicates that she is not challenging the termination of her custodial rights to E.A., as she explicitly asserts that she wishes to "let her daughter, E.A., remain in foster care where she is doing well." Therefore, the circuit court's termination of the petitioner's custodial rights to E.A. is not at issue.

a motion for a post-adjudicatory improvement period. The guardian for C.A. and M.A. supported the petitioner's motion, stating that these two children still had a close bond with their mother.

In November 2024, the court held the dispositional hearing. The DHS presented evidence which demonstrated that the petitioner consistently blamed others for the ongoing proceedings, including E.A., and continued to believe E.A. was lying about the sexual abuse. Additionally, the petitioner admitted that she resided with the father until his arrest and continued to maintain contact with him even while incarcerated, knowing that doing so would negatively impact the decision to reunify her with her children.[3] The petitioner also testified that she had complied with services and obtained employment and housing. However, the court stated that participation alone is not enough and found that because of the petitioner's lack of support of E.A. along with her continued contact with the father, the petitioner "does not appear to be truly motivated to change." Citing the petitioner's testimony and actions, the court found that the petitioner "jump[ed] through the hoops" to regain custody, but she failed to take responsibility, minimized her own behaviors, and took no steps to indicate that she was willing to protect the children. As such, the court denied the petitioner's motion for an improvement period. It further found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. However, because of the close bond she shared with two of the three children, C.A. and M.A., the court proceeded to terminate only her custodial rights to her children.[4] It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). To begin, the petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B), a parent *may* be granted an improvement period if they "demonstrate[], by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." In showing that full participation is likely, a parent must first acknowledge the problem, as "[f]ailure to acknowledge the existence of the problem, . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, despite the petitioner's compliance with services, the evidence showed that the petitioner consistently failed to take responsibility for her actions; continuously blamed others, including E.A., for these proceedings; and did not take any steps to demonstrate she was willing to protect her children as she continued to live and have contact with the father. Further the court found that the petitioner was not motivated to change her behaviors and that she merely wanted to "jump through the hoops" to regain custody. We decline

---

[3] The father pled guilty to criminal charges of sexually abusing E.A. and was sentenced in March 2025.

[4] The father's parental rights to E.A., C.A., and M.A. have been terminated. The permanency plan for E.A. and C.A. is legal guardianship in their current placements. The permanency plan for seventeen-year-old M.A. is to continue receiving residential treatment until he reaches the age of majority.

to disturb such credibility findings on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Therefore, we conclude that the court had sufficient evidence to find that the petitioner failed to acknowledge the problem and did not err in its denial of a post-adjudicatory improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

Finally, the petitioner argues that termination of her custodial rights to C.A. and M.A. was in error. However, based upon the evidence addressed above, the court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her custodial rights was necessary for the children's welfare, findings the petitioner does not challenge on appeal. We have consistently held that circuit courts are permitted to terminate custodial rights upon these findings. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights even "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))); W. Va. Code § 49-4-604(c)(6) (permitting termination of custodial rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). To the extent that the petitioner argues that this Court should reweigh the evidence, we note that the weighing of evidence is the exclusive task of the circuit court as the finder of fact and will not be disturbed on appeal. *See In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) ("We . . . do not reweigh the evidence"). Therefore, we conclude that the circuit court did not err in terminating the petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 30, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING:**

Chief Justice William R. Wooton